Frank L. DITTMEIER, Appellant,

v.

MISSOURI REAL ESTATE COMMISSION,
Respondent.

No. 45847.

Supreme Court of Missouri,
En Banc.

July 14, 1958.

Rehearing Denied Sept. 8, 1958.

**2**

Joseph Nessenfeld, St. Louis, Harvey M. Fisher, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Robert R. Welborn, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Frank L. Dittmeier, appellant, was charged in four counts with violating provisions of the Missouri Real Estate Commission Act. Laws 1941, p. 425, §§ 1–20, RSMo 1949, Chapter 339. Statutory references are to said Act, RSMo 1949 and V.A.M.S. unless otherwise indicated. One count was abandoned. The cause was heard on the three remaining counts in the City of St. Louis in November, 1946, was taken under advisement by the Commission, and, on January 23, 1947, the Commission found appellant guilty on each of the three counts, found he had violated § 10(a) and § 10(g) (§ 339.100(1, 7)) of the Act and suspended his license as a real estate broker for six months. We have appellate jurisdiction because of the constitutional due process of law issue mentioned infra. State ex rel. Shackelford v. McElhinney, 241 Mo. 592, 606, 145 S.W. 1139, 1142 [2]; Farmers Drainage Dist. v. Sinclair Refining Co., Mo., 255 S.W.2d 745, 746 [1].

Upon appellant's petition for review the Circuit Court of the City of St. Louis quashed and vacated said order. The Commission appealed and the St. Louis Court of Appeals held the Commission's findings of guilt under Counts 1 and 3 were not supported by the evidence; but held that the finding of guilt under Count 2 was supported by competent substantial evidence, and that appellant had violated § 10(g) (§ 339.100(7)) of the Act.

The opinion of the Court of Appeals is found in Dittmeier v. Missouri Real Estate

Commission, Mo.App., 237 S.W.2d 201, which is here referred to for the detailed facts involved on that appeal. Said facts are only outlined so far as material here as this appeal involves the subsequent proceedings of the Commission had under the mandate of the Court of Appeals.

Section 10(g) (§ 339.100(7)) of the Act provides that the Commission has power "to suspend or revoke any license" of any real estate broker "if the licensee is performing or attempting to perform any of the following acts or is deemed to be guilty of: * * (g) Any other conduct which constitutes untrustworthy or improper, fraudulent or dishonest dealings, or demonstrates bad faith or gross incompetence."

In Count 2 before the Commission appellant was charged with selling certain property to Virginia Maguire, causing her to become dissatisfied with the property, causing her to list the property with appellant as her agent, and then "by artifice, trickery and deceit" inducing her to sign a deed for a totally inadequate consideration of $325 when her equity in the property was worth $1,000 and at a time when appellant well knew that he had previously sold the property to one Leonard J. Brady for $4,100, and tricking her to deed the property to a straw party, one Vito Scalzo, a nonexistent person, and an alias assumed by appellant. The Court of Appeals after reviewing the evidence held there was sufficient substantial evidence to sustain the Commission's finding " 'that the licensee Frank L. Dittmeier had already sold or entered into a contract of sale covering the real estate in question, with one Leonard J. Brady at the time the licensee secured the signature of said Virginia M. Maguire to said warranty deed for a consideration of $325 and that at and prior to such time the licensee had been employed by said Virginia M. Maguire as agent to sell such property for her.' " The Court of Appeals reversed and remanded the cause with directions that the Commission set aside certain findings of fact, set aside the six months' suspension of appellant's license for violation of § 10(a) and

§ 10(g) (§ 339.100(1, 7)) of the Act, and for the assessment of whatever penalty in its discretion the Commission might deem proper in the circumstances for the violation of § 10(g) of said Act. Dittmeier v. Missouri Real Estate Commission, Mo.App., 237 S.W.2d 201, 204 (Count 2, [11]), 208. This opinion was handed down, as modified on denial of rehearing, on March 26, 1951.

On June 28, 1951, appellant received the findings of fact, conclusions of law, and order entered by the Commission on June 27, 1951, upon the remand of said proceeding to the Commission suspending his license for six months.

Appellant thereupon instituted the instant proceeding for review. The Circuit Court of the City of St. Louis affirmed said order of June 27, 1951, and this appeal, in due course, followed.

Section 536.130 specifies what shall constitute the record upon a review of an order of administrative officers. Section 536.140 provides, so far as material here: "1. The court shall hear the case without a jury and * * * shall hear it upon the petition and record filed as aforesaid."

The record, certified by the Secretary of the Commission, consisted of the notice of the hearing held November 21 and 22, 1946, which notice set forth in detail the charges against appellant in the separate counts; the appearance of an attorney on behalf of appellant; the taking of the case under advisement by the Commission; the findings, conclusions of law, and the order of the Commission of January 23, 1947, and the order entered by the Commission on June 27, 1951, after the case had been remanded with directions by the Court of Appeals, which order was served on appellant on June 28, 1951. The Court of Appeals' opinion discloses that appellant testified at said hearing on November 21 and 22, 1946, but the evidence adduced at the hearing is omitted by agreement of counsel from the transcript filed here. There is no showing of record of the modification made by the Court of Appeals in its opin-

ion on the denial of a rehearing or the contentions of the parties in connection therewith.

At the instant hearing it was agreed between the parties that the Commission gave no notice to appellant of its intention to take action pursuant to the mandate of the Court of Appeals; that no hearing was held with respect to the findings, decision and order issued in pursuance to said mandate; and that Commissioner Vincent J. O'Flaherty, Jr., who participated in the issuance of the order of January 23, 1947, had been replaced as a member of the Commission by Frank Woodward, who participated in the issuance of the order of June 27, 1951.

■ The main contention of appellant presented in the trial court and kept alive here is that the failure of the Commission to give him notice and an opportunity to be heard with respect to the order to be entered upon receipt of the mandate of the Court of Appeals deprived appellant of his property without due process of law in contravention of Amendment XIV of the Constitution of the United States and Article 1, § 10, Mo.Const. 1945.

Appellant was afforded a full opportunity for the trial of all issues in his case at the hearing held on November 21 and 22, 1946, including what action should be taken upon a finding that he had violated any provision of the Missouri Real Estate Commission Act. Appellant states such proceedings are not essentially punitive in nature but have for their fundamental purpose the protection of the public from incompetent or improper licensees. "The demands of due process do not require a hearing, at the initial stage or at any particular point or at more than one point in an administrative proceeding so long as the requisite hearing is held before the final order becomes effective." Opp Cotton Mills v. Administrator of Wage and Hour Division, etc., 312 U.S. 126, 152, 153, 657, 61 S.Ct. 524, 536, 85 L.Ed. 624; State ex rel. Keitel v. Harris, 353 Mo. 1043, 186 S.W.

2d 31, 34 [8]; 16A C.J.S. Constitutional Law § 628 b (2), p. 861.

In Hoppe, Inc., v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 351, 23 A.L.R.2d 846, stressed by appellant, judgment was entered for defendant upon the verdict of the jury. The plaintiff failed to timely file (§ 510.340) a motion for new trial and on the 29th day after judgment the court struck the motion, which was filed too late, from the record and "of its own initiative" under § 510.370, without notice or hearing, granted plaintiff a new trial on the ground "the verdict and judgment is against the evidence and against the weight of the evidence". Considering in the circumstances that after the tenth day there existed of record only the final judgment in defendant's favor (§ 510.340), and that a party over whom the court has obtained jurisdiction is not regarded as being before the court after final judgment, we held that the court in granting the new trial under § 510.370 "for a substantially unappealable reason" without notice or hearing to the party affected was arbitrary and set the order aside. That is not the instant situation. This proceeding was before an administrative body of continuing existence which conducted the original hearing. It is not a jury-tried case. The instant record discloses no final judgment freeing appellant from action by the Commission. At all the times involved appellant was before the Missouri Real Estate Commission or before the courts of this state under Count 2 of the charges filed against him. So far as any constitutional right to due process is concerned, it was within the discretion of the Commission to conduct only a reconsideration of the record made or, as a matter of grace, a second hearing. See Nyman v. Jeffries, 302 Mich. 520, 5 N.W.2d 449 [3]. No request was made by appellant for a hearing. The constitutional requirement of due process of law was fully met.

In connection with the foregoing, we note the following conclusion of law found in

the Commission's order of January 23, 1947: "4. The Commission further finds that a proper penalty for *each of the acts* of which said Frank L. Dittmeier has been found guilty is a suspension of his license for six months." (Emphasis supplied.) However, instead of suspending appellant's license for six months on each of said findings, the Commission suspended his license for only one period of six months.

■ Appellant next argues that the Commission may suspend a license "only after a hearing" (Laws 1941, p. 429, § 11; § 339.-080) and that the order of June 27, 1951, was the result of unlawful procedure, was arbitrary and capricious, and involved an abuse of discretion within § 536.140, ¶ 2 (5, 6, 7) because no notice was given or hearing held with respect thereto. Appellant directs our attention to no statutory requirement for a second hearing, after notice, upon a remand for the assessment of the penalty; and with no statutory requirement for a second hearing what we have heretofore stated is applicable. Said § 536.140, ¶ 5, provides, among other things, that the court "may order the reconsideration of the case in the light of the court's opinion and judgment," and we think this was the effect of the opinion of the Court of Appeals on the issue of the penalty. The Court of Appeals did not affirmatively direct a second hearing or a new trial on said issue. The point is overruled.

Section 536.080 provides: "Whenever in a contested case, all of the officials of the agency who are to render the final decision do not hear or read the evidence, such decision shall not be rendered by the agency until each party to the proceedings has been afforded an opportunity to present arguments, either oral or written, to all of the officials who are to render the decision. * * * The parties may by written stipulation waive compliance with this section." (This section was amended by Laws 1957, p. 748, S.B. No. 176.)

■ In the interim between the order of January 23, 1947, and the order of June 27, 1951, here involved, Frank Woodward replaced Vincent J. O'Flaherty, Jr., as a member of the Commission. Commissioner Woodward concurred in the order of June 27, 1951, with the two commissioners who originally had heard the evidence and read the transcript of the proceedings before entering the order of January 23, 1947. The order of June 27, 1951, does not affirmatively disclose that Commissioner Woodward read the evidence, and appellant contends that since he was not afforded an opportunity to present an argument to the Commission under the provisions of § 536.080 the order of June 27, 1951, should be set aside.

The terms of the Missouri Real Estate Commissioners are so staggered that the term of a commissioner expires each year, and the evident intent of the General Assembly is that upon the appointment of a new member a second hearing of pending matters is not necessary. If Commissioner Woodward read the evidence, § 536.080 did not require that an opportunity be afforded to present arguments to the commissioners rendering the decision. Appellant had the burden of showing that Mr. Woodward did not read the evidence. Appellant did not do this. The Commission had jurisdiction of the subject matter and the defendant. There is a presumption that public officials have rightfully and lawfully discharged their official duties until the contrary appears. Our Administrative Procedure Act provides that upon judicial review of a decision or order of an administrative officer or body: "The court may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record." § 536.140, par. 4. Of an attack against a final award, after review before the entire Workmen's Compensation Commission, we said: "So far as the record shows, there was no irregularity in the proceedings. Irregularity cannot be presumed. The presumption is to the contrary, to wit, that public officials have properly performed their duties. [Citing

authority.] There is nothing in the record to even show what order the Workmen's Compensation Commission made, whether or not there was notice, who was present, what facts were found, or what hearing was had. In the absence of any showing that appellant asked to be permitted to produce any further evidence or to be further heard on any phase of the case, we must assume that the Workmen's Compensation Commission acted properly and regularly in making its review." Waterman v. Chicago Bridge & Iron Works, 328 Mo. 688, 41 S.W.2d 575, 578 [7–9]. Anniston Manufacturing Co. v. Davis, 301 U.S. 337, 357, 57 S.Ct. 816, 81 L.Ed. 1143, states it is assumed that an administrative board considers the evidence and bases its findings and decision thereon until the contrary appears. See also Woolridge v. La Crosse Lumber Co., 291 Mo. 239, 236 S.W. 294, 297 [5], 19 A.L.R. 1068; Lewis v. United States, 279 U.S. 63, 73, 49 S.Ct. 257, 73 L.Ed. 615. It is proper and best for State agencies to affirmatively disclose that statutory procedural steps have been followed. The presumption that Commissioner Woodward read and considered the evidence and reached his own independent judgment is not rebutted of record.

 Appellant says the finding of facts is insufficient to sustain the conclusion of misconduct and the holding of the Court of Appeals and the action of the Commission in following said holding are void and open to attack under § 536.100 at any time. As we read it, the opinion of the Court of Appeals discloses its holding that appellant was guilty of improper conduct within the provisions of § 10(g) (§ 339.100-(7)) of the Act was supported by the evidence. In addition, the Court of Appeals had jurisdiction over the subject matter and over the person of appellant, had jurisdiction to rule, and its holding was not a void judgment even if erroneous. We have held "'that when a court has jurisdiction, it has jurisdiction to commit error'"; and "that an erroneous judgment has the same effect as to res judicata as a correct one."

Metcalf v. American Surety Co. of New York, 360 Mo. 1043, 232 S.W.2d 526, 529 [1–3]; McIntosh v. Wiggins, 356 Mo. 926, 204 S.W.2d 770, 772 [6, 7], and authorities cited in said cases. The issue stands res judicata.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court en Banc.

All concur.