**WEST CENTRAL MISSOURI REGIONAL LODGE NO. 50, Fraternal Order of Police and its Kansas City Chapter and its Members Mel Beverlin, Lodge Past President, Jim Venable, Chapter President, and Wayne Owings, Director individually and in their official capacities, on behalf of themselves and all others similarly situated, Appellants,**

v.

**BOARD OF POLICE COMMISSIONERS OF KANSAS CITY, MISSOURI d/b/a the Kansas City, Missouri Police Department (The Governing Body for the Kansas City Police Department)**

and

**Steven Bishop, Chief of Police for the Kansas City, Missouri Police Department, individually and as Chief of Police of the Kansas City, Missouri Police Department,**

and

**James F. Ralls, Jr., Jack W.R. Headley, Dona Boley, Dr. Stacey Daniels, Mayor Emanuel Cleaver, comprising the Board of Police Commissioners of Kansas City, Missouri, Respondents.**

No. WD 51519.

Missouri Court of Appeals,
Western District.

March 5, 1996.

Richard Helfand and Shari Miller Blank, Panethiere & Helfand, Kansas City, for appellants.

Dale H. Close, Kansas City, for respondents.

Before ULRICH, P.J., and BRECKENRIDGE and SMITH, JJ.

ULRICH, Judge.

The West Central Missouri Regional Lodge No. 50, Fraternal Order of Police (the Lodge) and Mel Beverlin, James Venable and Wayne Owings, individually, appeal from the trial court's grant of summary judgment in favor of the Board of Police Commissioners of Kansas City, Missouri, James F. Ralls, Jr., Jack W.R. Headley, Dona Boley, Dr. Stacey Daniels and Mayor Emanuel Cleaver (collectively the Board). The Lodge alleges 1) the decision was not supported by competent and substantial evidence in that the decision was in violation of section 33.103 RSMo; and 2) it violated their constitutional rights in that there is no compelling interest to be served by the respondents' denial.

Judgment is affirmed.

The facts of this case have previously been stipulated to by the parties. The Lodge is a not-for-profit organization. Its purpose as stated in its Articles of Incorporation is "bettering existing conditions of police by solidifying their strength and promoting their mutual welfare in this State and Nation, through our affiliation with the National Order and for advancing social benevolent, charitable, and educational undertakings, of and among Law Enforcement Officers." At the present time, 907 employees of the Kansas City, Missouri, Police Department are members of the Lodge.

The Board is the governing body of the Kansas City, Missouri, Police Department. The Board was established under Section 84.470 RSMo to enroll and employ a police force for the city. It has exclusive management and control over the police department. The Board is an agency of the State of Missouri, and the police officers which make up the Department are officers of the State of Missouri and of Kansas City, Missouri. Steven Bishop was the Chief of Police, appointed by the Board. He was responsible for the execution of the policies established by the Board.

The Police Department receives an allocation from the Kansas City, Missouri, City Council which accounts for approximately one-fifth of the city's total budget each year. In addition, the Board receives approximately $5.8 million per year from other sources to be used for the operation of the department.

On August 29, 1991, and January 28, 1992, the Lodge made written demand of the Board for an automatic payroll deduction for lodge members' dues. On September 11, 1991, Police Chief Bishop informed the Lodge that the Board would not comply with the Lodge's request. The Boards' decision reflected its concern that to comply with the request would violate section 105.510 RSMO by constituting recognition of the organization as one entitled to collective bargaining and, also, that the expense of effecting the payroll deduction using the Police Department's computer was too great. The Board does allow payroll deductions for the Kansas City Police Credit Union and the United Way, a charitable organization. The deduction for United Way contributions was approved after a vote of members of the Police Department.

Both parties submitted Motions for Summary Judgment. On July 12, 1995, the court

sustained defendants' Motion for Summary Judgment and overruled the plaintiffs'. The Lodge filed a timely appeal.

## I. Violation of Section 33.103 RSMo

■ The Lodge first claims that the trial court erred in granting the Board's Motion for Summary Judgment because the decision was in violation of section 33.103(4) RSMo. 1994. Section 33.103(4) reads:

> The commissioner of administration may, in the same manner, deduct from any state employee's compensation warrant any amount authorized by the employee for the payment of dues in an employee association.

Summary Judgment is appropriate whenever no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Rule 74.04(c). The members of the Kansas City Police Department are paid by the City of Kansas City. The state Commissioner of Administration does not oversee the funding or the payroll of the Kansas City Police Department. Therefore, Section 33.103.4 RSMo is not applicable. The statute does not address the Kansas City Director of Finance, who is the person responsible for compensation of members of the Police Department. However, even if the statute were applicable, it does not require the deduction upon request. The statute is discretionary. The commission may deduct dues, but such deduction is not mandatory. Summary Judgment in favor of the Board did not violate Section 33.103.4.

## II. Equal Protection Argument

The Lodge next asserts that the denial of its request for payroll deductions violates members' constitutional rights in that there is no compelling interest served by the denial. The Lodge alleges the denial violates the members' right to equal protection under the law because the Lodge's members are not being granted the same opportunity for deductions as are "outside organizations and corporations," for whom deductions are being made.

■ A claim asserting violation of the equal protection clause necessarily contests a classification. Appellants argue that the denial of their deduction does not hold up under strict judicial scrutiny. However, strict judicial scrutiny is not the appropriate standard. Strict judicial scrutiny is only afforded when government action affects a suspect classification or a fundamental right. However, the right to have a payroll deduction made for Lodge dues is neither a fundamental right nor are the members of the Lodge a suspect class.[1] *City of Charlotte v. International Ass'n of Firefighters,* 426 U.S. 283, 286, 96 S.Ct. 2036, 2038–39, 48 L.Ed.2d 636 (1976).

■ Government action which neither creates a suspect classification nor impinges on a fundamental right will withstand scrutiny if the classification bears some rational relationship to a legitimate government interest. *St. Louis S. Park v. Missouri Dep't of Social Servs., Div. of Medical Servs.,* 857 S.W.2d 304, 306 (Mo.App.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 880, 127 L.Ed.2d 76 (1994). If the classification has some rational basis it does not offend the constitution merely because in practice it results in some inequality. *Id.* at 307.

■ The Board provided three bases for their denial of the automatic dues withholding for Lodge members. First, the withholding of the dues could be construed as recognition of the Lodge as a labor union engaged in collective bargaining in violation of Section 150.510 RSMo. Second, it would be administratively time consuming and costly to reprogram the computer system to accommodate the Lodge. Third, it would violate section 84.830.1 RSMo 1994 which prohibits police department employees from donating to po-

---

1. Fundamental rights include freedom of speech, freedom of the press, freedom of religion, the right to vote and the right to procreate. *Powell v. American Motors Corp.,* 834 S.W.2d 184, 190 (Mo. banc 1992). A suspect class is one that is inherently suspect in a constitutional sense such as classes based on race, national origin or illegitimacy. *Id.*

litical organizations directly or indirectly. The by-laws of the Lodge contain a provision establishing a political action committee.

These explanations provide a rational basis for the Board's decision. It cannot be said that dues withholding for an association that claims only some employees as members is so devoid of reason as to violate the Equal Protection Clause. *City of Charlotte*, 426 U.S. at 288, 96 S.Ct. at 2039–40.

The judgment is affirmed.

All concur.