Kevin BURGDORF, Appellant,

v.

**BOARD OF POLICE COMMISSIONERS,**
et al., Respondents.

No. 70227.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 17, 1996.

James P. Towey, Jr., Katherine S. Walsh, Chesterfield, for appellant.

Joan B. Bernstein, Henry D. Menghini, St. Louis, for respondents.

RHODES RUSSELL, Presiding Judge.

Kevin Burgdorf ("officer") appeals from a judgment of the St. Louis City Circuit Court that affirmed an order of the St. Louis Board of Police Commissioners ("Board"). The Board found that officer violated Rule 7.004(jj) and Rule 9.104 of the St. Louis Metropolitan Police Department Manual and ordered him dismissed from the department.

Officer raises three points on appeal: (1) the trial court erred in finding he failed to preserve his claim that the Board lacked subject matter jurisdiction because the record did not disclose that the Board members were statutorily qualified to hear his case and that the Board did not affirmatively disclose that it reviewed the record; (2) his termination violated his right to equal protection under the law; and (3) the trial court erred in finding that he failed to preserve his claim that the Board was biased. We affirm.

## BACKGROUND

Officer worked for the department as a police officer for approximately nineteen

years. He also worked part-time as a security guard for a local retail store. In connection with his part-time work, officer was accused of stealing merchandise from the store. In December 1992, officer was acquitted of the petty larceny charge.

In January 1993, the department charged officer with violating Rule 7.004(jj) (engaging in conduct which could bring discredit to the police department) by stealing merchandise from the retail store; Rule 3.115(k) (being accountable for securing, receiving, and proper transporting of evidence and property coming into his custody) by failing to return stolen merchandise which came into officer's custody while working as a security officer; and Rule 9.104 (false reporting) by reporting false information to Internal Affairs during the department's investigation of officer.

Prior to officer's hearing before the Board, he attempted to enter into a plea agreement which would have allowed him to remain employed until his pension vested. The Board rejected officer's proposed plea agreement and ordered the case be prepared for trial.

Officer applied for a temporary restraining order in St. Louis City Circuit Court requesting that the Board be restrained from hearing his case because one of the Board's members was privy to his plea agreement. He alleged that the Board would be unable to act impartially with the knowledge of his attempted plea agreement. The court denied officer's request for a temporary restraining order stating that officer could raise the issue in an administrative review proceeding should the record show that the Board acted with a preconceived notion that he was guilty.

After a full hearing, the Board issued its Findings of Fact and Conclusions of Law. The Board found officer guilty of violating Rule 7.004(jj) and Rule 9.104, and found that there was insufficient evidence to support the other charges. The Board ordered him dismissed from the police department.

Officer filed a petition for review pursuant to §§ 536.100–536.140 RSMo 1994[1], in the St. Louis City Circuit Court. The circuit court affirmed the Board's decision and dismissed the petition with prejudice at officer's cost. This appeal now follows.

## STANDARD OF REVIEW

When reviewing the decision of an administrative agency, we examine the decision of the agency, not the circuit court's judgment. *Ogden v. Henry*, 872 S.W.2d 608, 611 (Mo.App.1994). Our review of the Board's decision is limited to determining whether the decision is in excess of jurisdiction, unsupported by competent and substantial evidence, or is arbitrary, capricious, or unreasonable. *Id.* We consider the evidence in the light most favorable to the Board's decision. *Kukuljan v. Metropolitan Board of Police Comm'rs*, 871 S.W.2d 119, 120 (Mo.App.1994).

## SUBJECT MATTER JURISDICTION

In his first point on appeal, officer argues that the trial court erred in finding that he did not preserve his claim that the Board lacked subject matter jurisdiction. He maintains that the Board lacked subject matter jurisdiction to hear his case because the record did not disclose that the Board members were statutorily qualified, and that the record was devoid of evidence that the Board reviewed the entire record.

Officer cites *Century State Bank v. State Banking Bd.*, 523 S.W.2d 856, 860 (Mo.App. 1975), for the proposition that judicial review of administrative agency's decisions pursuant to § 536.100, does not require specific allegations of error to be included in the petition for review. *Century*, however, held that only when an administrative body failed to make findings of fact and conclusions of law, did the petitioner not have to include that issue in the petition for review. *See Jackson v. Sayad*, 741 S.W.2d 847, 850 (Mo.App.1987).

The general rule is that the petition for review must contain all claims of error for them to be preserved for circuit and appellate court review. *See, Citro v. Lee's Summit*, 658 S.W.2d 86, 89 (Mo.App.1983); *Gray v. Florissant*, 588 S.W.2d 722 (Mo.App.1979).

---

**1.** All citations are to the 1994 Revised Statutes of Missouri unless otherwise indicated.

Despite the holding of *Century,* all grounds other than failure to make findings of fact and conclusions of law, must be asserted in the petition for review. *Jackson,* 741 S.W.2d at 850 (citing *Ross v. Robb,* 651 S.W.2d 680, 683 (Mo.App.1983)).

Officer's subject matter.jurisdiction claim was not contained in his petition for review. Officer did not raise that issue until approximately eighteen months later in his Suggestions in Support of Petition for Review. The circuit court found that the subject matter jurisdiction issue was not properly preserved because it was not contained in his petition for review. The court, however, stated that the issue was moot because the members of the Board had submitted affidavits certifying compliance with § 536.080.2.

 Although officer's petition for review did not contain the subject matter jurisdiction claim, we will address that issue since it was raised before the circuit court via his suggestions in support of his petition. We do not condone this practice. The proper method for preserving a claim of error for review is to conspicuously assert the claim in the petition for review.

 Our review includes whether an action of an agency is in excess of statutory authority or jurisdiction of the agency. *Fehrman v. Blunt,* 825 S.W.2d 658, 661 (Mo. App.1992). The order of an administrative tribunal acting without jurisdiction is void. *State Tax Com. v. Administrative Hearing Com.,* 641 S.W.2d 69, 76 (Mo. banc 1982). Appellate courts acquire no jurisdiction on appeal from void orders except jurisdiction to determine the invalidity of the order and to dismiss the appeal. *New Madrid County Health Center v. Poore,* 801 S.W.2d 739, 741 (Mo.App.1990).

Officer first asserts that the Board lacked subject matter jurisdiction because the record did not state that the Board's commissioners complied with § 84.040 RSMo. Section 84.040 requires each Board member to be a citizen of Missouri and have been a resident of St. Louis for a period of four years preceding their appointment. Officer does not argue that the commissioners were not statutorily qualified, he simply asserts

that the Board lacked subject matter jurisdiction because the record did not specifically state that the commissioners complied with § 84.040.

Officer cites *Gardner v. Missouri State Highway Patrol Superintendent,* 901 S.W.2d 107, 112 (Mo.App.1995), for the proposition that if an administrative body does not state in its record that its members are statutorily qualified, then that body acts in excess of its authority. In *Gardner,* the appellant argued that the highway patrol board acted in excess of its authority in dismissing him because the record did not show that the board was composed of three members of the same political party as required by § 43.140 RSMo. The Western District, however, refused to address the issue of jurisdiction on its merits because the record demonstrated that the board complied with the statute. *Id.* at 112. Thus, contrary to officer's assertion, *Gardner* did not hold that an administrative body must state in its record that its members are statutorily qualified in order to have jurisdiction.

In *Bridges v. State Board of Registration for Healing Arts,* 419 S.W.2d 278 (Mo.App. 1967), this court addressed an argument similar to officer's. Therein, the appellant's medical license was revoked for performing two unlawful abortions. Appellant filed a petition for review arguing that the board's order was void because it failed to include a finding of fact that at least one of the board's members who voted for the revocation was a graduate of an accredited professional school as required by statute. This court rejected appellant's argument stating that the applicable statute did not require the board to incorporate in its order a formal finding that it members were qualified. *Id.* at 282.

 Although § 84.040 requires that the police board commissioners be citizens of Missouri and residents of St. Louis for four years prior to their appointment, the statute does not require that the Board assert its qualifications in its orders. The Board's failure to state that it complied with § 84.040 did not result in a lack of subject matter jurisdiction. Furthermore, officer does not allege that the commissioners were in fact not qualified. *Cf. Williams v. Marcus,* 652

S.W.2d 893, 894 (Mo.App.1983) (administrative decision held void because required number of commissioners did not participate in the decision). Moreover, there is a presumption that administrative decisions are made in compliance with applicable statutes. *State ex. rel. Jackson County v. Public Service Com.*, 532 S.W.2d 20, 30 (Mo. banc 1975), *cert. denied* 429 U.S. 822, 97 S.Ct. 73, 50 L.Ed.2d 84 (1976). Officer has not rebutted this presumption.

■ Officer also asserts that the Board lacked subject matter jurisdiction because the record did not affirmatively disclose that the Board members read the record. Officer contends that the Board violated § 536.080.2 because there was no assertion in the Board's decision that the entire record was reviewed by each commissioner prior to time it issued its Findings of Fact and Conclusions of Law.

Section 536.080.2 provides that agency officials "shall, prior to such final decision, either hear all the evidence, read the full record including all evidence, or personally consider the portions of the record cited or referred to in the arguments or briefs." The statute reflects "a basic and fundamental rule of law that one making a decision be aware by some means of what he is deciding." *State ex. rel. Jackson County*, 532 S.W.2d at 30.

■ Courts, however, will not assume that an administrative agency has not complied with § 536.080.2. *Ruffin v. Clinton*, 849 S.W.2d 108, 112 (Mo.App.1993). It is presumed that "an administrative board considers the evidence and bases its findings and decision thereon until the contrary appears." *Dittmeier v. Missouri Real Estate Com.*, 316 S.W.2d 1, 6 (Mo. banc 1958) (citing *Anniston Manufacturing Co. v. Davis*, 301 U.S. 337, 357, 57 S.Ct. 816, 825–26, 81 L.Ed. 1143 (1937)).

In *Dittmeier,* the appellant appealed the Missouri Real Estate Commission's decision to revoke his broker's license. The order did not affirmatively disclose that one of the commissioners read the evidence, and therefore, the appellant argued that the order should be set aside. *Dittmeier,* 316 S.W.2d at 5. The Missouri Supreme Court rejected appellant's argument noting that the appellant had the burden of showing that the commissioner did not read the evidence. The court stated although it is perhaps best for administrative agencies to affirmatively disclose that statutory procedural steps have been followed, the appellant had not rebutted the presumption that the commissioner had read and considered the evidence. *Id.* at 6.

Officer has not rebutted the general presumption that the Board read the record and based its decision upon the evidence. Despite his assertion that the record was devoid of evidence that the Board reviewed the record, the Board's findings of fact stated that they were "based on the evidence adduced at the aforementioned hearing." *See Ruffin,* 849 S.W.2d at 112 (similar language was held sufficient that the requirements of § 536.080.2 were satisfied).

We find that the Board was not divested of subject matter jurisdiction by failing to assert that it complied with § 84.040 or by failing to assert that all of its members reviewed the record. Point denied.

## EQUAL PROTECTION CLAIM

Officer's second point on appeal maintains that his dismissal violated his equal protection rights. Specifically, he contends that his equal protection rights were violated because other similarly situated police officers have received lesser punishments for similar offenses. Officer also contends that the trial court erred in denying his motion to adduce additional evidence to support his equal protection claim.

■ The first step in analyzing an equal protection claim is to determine whether the classification operates to the detriment of a suspect class or infringes upon a fundamental right. *Belton v. Board of Police Comm'rs,* 708 S.W.2d 131, 139 (Mo. banc 1986). If it does, the classification receives strict judicial scrutiny. *Id.* Government action that does not create a suspect classification nor infringe upon a fundamental right will withstand judicial scrutiny if the classification is rationally related to a legitimate government interest. *West Cent. Mo. Regional Lodge No. 50 v. Board of Police*

*Comm'rs*, 916 S.W.2d 889, 892 (Mo.App. 1996). If the classification receives rational basis review, "the burden is on the person attacking the classification to show it does not rest upon any reasonable basis, and is purely arbitrary." *Belton*, 708 S.W.2d at 139. Under rational basis analysis, the classification "will be upheld if any state of facts can be reasonably conceived which would justify it." *Id.*

 Officer's dismissal from the department does not involve the deprivation of a fundamental right. The right to government employment is not a fundamental right. *Belton*, 708 S.W.2d at 139 (citing *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 313, 96 S.Ct. 2562, 2566–67, 49 L.Ed.2d 520 (1976)). Officer also does not contend that he is a member of a suspect class. As such, his equal protection claim is subject to rational basis review.

In his brief, officer argues that his equal protection rights were violated because other police officers who had been found guilty of offenses, such as assault, received suspensions or probation rather than being dismissed from the department. During his hearing before the Board, officer presented testimony from other police officers who had violated Rule 7.004(jj), but had only received suspensions. He asserts that the disparity between his punishment and the punishments received by the other officers demonstrated that the Board denied him equal protection.

Officer ignores the fact, however, that he was not only found guilty of violating Rule 7.004(jj), but also Rule 9.104. Officer's argument that he was punished differently for violating the same rule is, therefore, not completely valid. Additionally, his argument fails to recognize that even within the group of officers who had only violated Rule 7.004(jj), there were differences in the ranges of punishments that the officers received.

 Under the terms of the police manual, a violation of either Rule 7.004(jj) or Rule 9.104 could result in punishment from reprimand to dismissal. The Board had "broad discretion to impose whatever discipline it [found] appropriate, so long as that discipline [fell] within the range of discipline permitted for a violation of its code of conduct." *Brougham v. Normandy*, 812 S.W.2d 919, 925 (Mo.App.1991). We find that the Board acted within the range of punishment of its rules.

 The police department has a legitimate interest in regulating the conduct of its employees. *Pollard v. Board of Police Comm'rs*, 665 S.W.2d 333, 339 (Mo. banc 1984), *cert. denied*, 473 U.S. 907, 105 S.Ct. 3534, 87 L.Ed.2d 657 (1985). We cannot say that the Board's dismissal of officer for stealing and reporting false information was not rationally based. The Board's decision appears to be rationally related to its interest in maintaining discipline in the police department. Officer has not met his burden in showing that the Board's action was purely arbitrary as required by rational basis review.

Officer contends that he would have been able to prove that the Board's decision was unreasonable had the trial court allowed him to present additional evidence of other punishments received by other similarly situated police officers. Although he was allowed to present evidence of other police officers's punishments at the hearing, he argues that it was error for the trial court not to have received further evidence of "more egregious disproportionate punishments which the Board approved subsequent to [his] hearing."

 Section 536.140.4 provides that a court may hear and consider evidence of alleged irregularities in proceedings or agency unfairness, not shown in the record. Although § 536.140.4 allows the trial court to consider procedural irregularities or agency unfairness not shown by the record, it is discretionary with the trial court as to whether it will hear the additional evidence. *Wagner v. Jackson County Bd. of Zoning Adjustment*, 857 S.W.2d 285, 289 (Mo.App.1993). The trial court's refusal to consider additional evidence is disturbed only where there is an abuse of discretion in refusing to inquire further into the matter. *Nenninger v. Department of Social Servs., Div. of Family Servs.*, 898 S.W.2d 112, 116 (Mo.App.1995).

■ Officer's motion to take additional evidence asserted that he had raised jurisdictional issues which needed to be addressed. Nowhere in his motion did he state that he had evidence of other punishments which the court needed to consider. We cannot convict the court of error where the issue was not clearly before it. Furthermore, the only alleged procedural irregularity or agency unfairness raised by officer is that the Board should have received evidence of other punishments before it decided to terminate him. Officer, however, was allowed to present punishment evidence during the hearing, despite there being no requirement that the Board consider other punishments before it imposes discipline. We find no abuse of the court's discretion in refusing to take additional evidence. Point denied.

## BIAS

In his third and final point on appeal, officer contends that the trial court erred in finding he failed to preserve his claim that the Board was biased. Officer contends that the Board was not impartial because one of its members participated in the proposed plea agreement and because the Board reviewed the proposed plea agreement before rendering its decision. He also asserts that the trial court erred in denying him the opportunity to present additional evidence to support his claim of bias.

■ Procedural due process requires that administrative decisionmakers acting in an adjudicative capacity must be impartial. *Fitzgerald v. Maryland Heights,* 796 S.W.2d 52, 59 (Mo.App.1990). An administrative decisionmaker's familiarity with the adjudicative facts, even to the point of having reached a tentative conclusion prior to the hearing, does not disqualify the decisionmaker unless there is a showing that the decisionmaker is unable to judge the particular case fairly. *Id.* A decisionmaker who has unalterably prejudged the adjudicative facts is biased. *Id.*

■ It is presumed that administrative decisionmakers act honestly and impartially. *Wagner,* 857 S.W.2d at 289. The appellant has the burden of overcoming this presumption. *Gamble v. Hoffman,* 732 S.W.2d 890, 894 (Mo. banc 1987). A trial court's determination of an administrative decisionmaker's impartiality is reviewed for abuse of discretion. *Wagner,* 857 S.W.2d at 289.

Here, the trial court stated that it was not satisfied that officer's claim of bias had been preserved for review because the petition for review did not mention the claim.[2] The court, however, addressed his claim stating that the record failed to show bias. Since the claim was before the trial court, we will address the issue of bias.

■ The evidence did not show that the Board was incapable of judging the matter fairly. Nothing in the record shows that the Board rested its decision to dismiss officer upon his attempted plea bargain. Although there may be potential for bias in considering a plea agreement before considering a case on the merits, we will not assume that the Board "was improperly influenced absent clear and convincing evidence to the contrary." *Gamble,* 732 S.W.2d at 894. The Board's participation in officer's plea attempt in itself does not establish that the Board unalterably prejudged the case.

■ Officer also contends that he should have been able to adduce additional evidence of the Board's alleged bias pursuant to § 536.140.4. As stated previously, § 536.140.4 permits a trial court to consider procedural irregularity or agency unfairness not shown by the record. Other than his complaint that the Board reviewed officer's attempted plea bargain, officer points to no specific irregularities which would support his claim that the Board was biased. *See Dino v. State Bd. of Pharmacy,* 909 S.W.2d 755, 759 (Mo.App.1995). He has not alleged or argued that a plea bargain was struck and was binding on the Board. We find no abuse

---

**2.** Officer did include his bias claim, however, in his suggestions in support of his petition to the court.

of the trial court's discretion in refusing to take additional evidence. Point denied.

Judgment affirmed.

SIMON and KAROHL, JJ., concur.