STATE COMMITTEE FOR MARITAL
AND FAMILY THERAPISTS,
Appellant,

v.

Jennifer HAYNES, Respondent.

No. WD 74966.

Missouri Court of Appeals,
Western District.

March 26, 2013.

Matthew Laudano, for appellant.

Dale Ingram, for respondent.

Before Division One: THOMAS H. NEWTON, Presiding Judge, JOSEPH M. ELLIS, Judge and GARY D. WITT, Judge.

JOSEPH M. ELLIS, Judge.

The Missouri State Committee of Marital and Family Therapists ("the Committee") appeals from a decision entered by the Administrative Hearing Commission ("the AHC") granting Jennifer Haynes' motion for summary decision in her case challenging the Committee's denial of her request for licensure as a marital and family therapist in Missouri. For the following reasons, the AHC's decision is reversed.

The Committee licenses and regulates marital and family therapists in Missouri. In May 2008, Haynes, who was licensed in the state of Kansas as a marriage and family therapist, applied for licensure in Missouri as a marital and family therapist. On July 29, 2009, the Committee denied her application. Haynes challenged that decision before the AHC. Both parties filed motions for summary decision in their favor. The AHC eventually denied the Committee's motion and granted Haynes', finding that Haynes was entitled to licensure under the reciprocity provisions of § 337.715.2.

The Committee filed a petition for review in the Circuit Court of Cole County. The Circuit Court subsequently entered its judgment affirming the decision of the AHC. The Committee now appeals to this Court, contending that Haynes was not entitled to summary decision as a matter of law.

■ "On appeal from the circuit court's review of an agency decision, this Court reviews the action of the agency, not the action of the circuit court." *State Bd. of Registration for the Healing Arts v. Trueblood,* 368 S.W.3d 259, 261 (Mo.App. W.D.2012). In reviewing an AHC decision, "we must consider whether the AHC decision was unsupported by competent and substantial evidence based upon a review of the whole record, was unauthorized by law, was arbitrary, capricious, or unreasonable, or involved an abuse of discretion." *St. Charles Cnty. Ambulance Dist., Inc. v. Missouri Dep't of Health & Senior Servs.,* 248 S.W.3d 52, 53 (Mo.App. W.D. 2008).

■ In this case, the AHC granted summary decision in Haynes' favor. "Summary decision, which is a procedure modeled on the summary judgment procedure at the circuit court level, is proper if a party establishes facts that entitle any party to a favorable decision and no party genuinely disputes such fact." *Krispy Kreme Doughnut Corp. v. Director of Revenue,* 358 S.W.3d 48, 51 (Mo. banc 2011); see 1 C.S.R. § 15–3.446(5)(A). Whether summary decision should be granted is an issue of law, and, accordingly, this Court's review of such decisions is essentially *de novo. Fire Ins. Exchange v. Horner,* 368 S.W.3d 214, 216 (Mo.App. W.D.2012). We view the record in the light most favorable to the party against whom summary decision was entered and determine whether there is a dispute as to any material fact and whether the movant was entitled to a decision in their favor as a matter of law. *Tisch v. DST Systems, Inc.,* 368 S.W.3d 245, 251 (Mo.App. W.D.2012). However,

facts asserted in support of a motion for summary decision are taken as true unless contradicted by the non-moving party's response. *Greene v. Schneider,* 372 S.W.3d 887, 890 (Mo.App. E.D.2012).

■ To become licensed as a marital and family therapist in Missouri, § 337.715 requires:

1. Each applicant for licensure or provisional licensure as a marital and family therapist shall furnish evidence to the committee that:

(1) The applicant has a master's degree or a doctoral degree in marital and family therapy, or its equivalent as defined by committee regulation, from an acceptable educational institution accredited by a regional accrediting body or accredited by an accrediting body which has been approved by the United States Department of Education;

(2) The applicant for licensure as a marital and family therapist has twenty-four months of postgraduate supervised clinical experience acceptable to the committee, as the state committee determines by rule;

(3) After August 28, 2008, the applicant shall have completed a minimum of three semester hours of graduate-level course work in diagnostic systems either within the curriculum leading to a degree as defined in subdivision (1) of this subsection or as post-master's graduate-level course work. Each applicant shall demonstrate supervision of diagnosis as a core component of the postgraduate supervised clinical experience as defined in subdivision (2) of this subsection;

(4) Upon examination, the applicant is possessed of requisite knowledge of the profession, including techniques and applications research and its interpretation and professional affairs and ethics;

(5) The applicant is at least eighteen years of age, is of good moral character, is a United States citizen or has status as a legal resident alien, and has not been convicted of a felony during the ten years immediately prior to application for licensure.

As to the examination requirement, Missouri State regulations adopt the Examination in Marital and Family Therapy developed by the Association of Marital and Family Therapy Regulatory Boards and also adopted "the passing score, known as the criterion referenced passing point on the national examination in marital and family therapy, as established by the Association of Marital and Family Therapy Regulatory Boards ..., as the minimum passing score for Missouri Applicants." 20 C.S.R. § 2233–2.040.

The sole exception to the foregoing licensing requirements is where the applicant is able to satisfy the requirements for licensure through reciprocity set forth in § 337.715.2, which provides:

Any person otherwise qualified for licensure holding a current license, certificate of registration, or permit from another state or territory of the United States or District of Columbia to practice marriage and family therapy may be granted a license without examination to engage in the practice of marital and family therapy in this state upon application to the state committee, payment of the required fee as established by the state committee, and satisfaction of the following:

(1) Determination by the state committee that the requirements of the other state or territory are substantially the same as Missouri;

(2) Verification by the applicant's licensing entity that the applicant has a current license; and

(3) Consent by the applicant to examination of any disciplinary history in any state.

Haynes was required to prove these elements to the AHC in order to be entitled a decision that she was entitled to reciprocal licensure.

The AHC ultimately found that, under the undisputed facts, Haynes was entitled to licensure under this reciprocity provision, concluding that the requirements for obtaining a Kansas license as a marital and family therapist were substantially the same as the licensing requirements for becoming a marital and family therapist in Missouri. This conclusion was erroneous as a matter of law.

Kansas has a different license and significantly different licensing criteria for marriage and family therapists and for *clinical* marriage and family therapists. *Compare K.S.A. § 65–6404(a)* with *§ 65–6404(b).* Under Kansas law, a "licensed marriage and family therapist" is:

> [A] person who engages in the practice of marriage and family therapy and who is licensed under this act except that . . . such person shall engage in the practice of marriage and family therapy only under the direction of a licensed clinical marriage and family therapist, a licensed psychologist, a person licensed to practice medicine and surgery or a person licensed to provide mental health services as an independent practitioner and whose licensure allows for the diagnosis and treatment of mental disorders.

*K.S.A. § 65–6402(c).* On the other hand, a "licensed clinical marriage and family therapist" is "a person who engages in the independent practice of marriage and family therapy including the diagnosis and treatment of mental disorders. . . ." *K.S.A. § 65–6402(d).*

Haynes is not licensed as a clinical marriage and family therapist in Kansas and is, instead, merely licensed as a marriage and family therapist. Accordingly, in this case, in determining whether the requirements of § 337.715.2 for reciprocal licensure were met, the Kansas requirements for marriage and family therapists under *K.S.A. § 65–6404(a)* and the associated regulations, and not those for Kansas clinical marriage and family therapists, must be compared with the requirements to become licensed as a marital and family therapist in Missouri under § 337.715.1 and its associated regulations.

*K.S.A. § 65–6404(a)* requires that:

(a) An applicant for licensure as a marriage and family therapist shall furnish evidence that the applicant:

(1) Has attained the age of 21;

(2) (A) has completed a master's or doctoral degree from a marriage and family therapy program, in an educational institution with standards approved by the board; or (B) has completed a master's or doctoral degree from an educational institution in a related field for which the course work is considered by the board to be equivalent to that provided in clause (2)(A) of this paragraph and consists of a minimum of nine semester hours in human development, nine semester hours in theories of marriage and family functioning, nine semester hours of marital and family assessment and therapy, three semester hours in professional studies and three semester hours in research; or (C) completed a master's or doctoral degree from an educational institution in a related field with additional work from an educational program in marriage and family therapy approved by the board and such degree program and additional work includes the course work requirements provided in clause (2)(B) of this paragraph;

(3) has passed an examination approved by the board;

(4) has satisfied the board that the applicant is a person who merits the public trust; and

(5) Each applicant has paid the application fee established by the board under *K.S.A. 65–6411* and amendments thereto.

These Kansas provisions are substantially less stringent than the requirements established in Missouri for licensure as a marital and family therapist. Missouri requires twenty-four months of postgraduate supervised clinical experience, *§ 337.715.1(2)*, while Kansas has no such requirement. Missouri also requires an applicant to have completed a minimum of three semester hours of graduate-level course work in diagnostic systems, *§ 337.715.1(3)*, which is not required by Kansas.

Furthermore, while Haynes claims on appeal that the Committee failed to present sufficient evidence of the minimum test score required to meet the examination requirement for her Kansas license, in order to obtain a summary decision in her favor, Haynes was the party that bore the burden of proving the licensure requirements for her Kansas license were substantially similar to the requirements for a Missouri marital and family therapist li-

cense. *See Krispy Kreme Doughnut Corp. v. Director of Revenue*, 358 S.W.3d 48, 51 (Mo. banc 2011) ("A [party] wishing to succeed on a summary decision motion . . . must establish that there is no genuine dispute as to those material facts upon which the claimant would have had the burden of persuasion at the hearing."). The evidence and pleadings presented to the AHC did not establish as an undisputed fact the minimum score required to obtain a non-clinical marriage and family therapist license in Kansas in the year Haynes took the exam.[1] Accordingly, the record was insufficient for the AHC to have determined, as a matter of law, that the minimum examination requirements for a Kansas marriage and family therapy license were substantially similar to the testing requirements for a Missouri marital and family therapy license.

Moreover, neither party disputes that, in order to obtain her Kansas license, Haynes took the Examination in Marital and Family Therapy developed by the Association of Marital and Family Therapy Regulatory Boards, the same test adopted by the Committee for licensure in Missouri. In addition, the undisputed evidence reflects that Haynes obtained her Kansas license with a score six points lower than the minimum passing score for a Missouri marital and family therapist license.[2]

---

1. Though not admitted into evidence before the AHC, we gratuitously note that Kansas regulations state that "to be licensed as a marriage and family therapist, the minimum passing score shall be a score of 12 items below the criterion referenced pass point statistically established by the examination service, based on a 200–item examination." *K.A.R. § 102–5–5(d)*. In contrast, "to be licensed as a **clinical** marriage and family therapist, the minimum passing score shall be the criterion-referenced pass point statistically established by the examination service." *K.A.R. § 102–5–5(e)* (emphasis added). In Missouri, the criterion-referenced passing

point is the minimum passing score for applicants, the same score required for a clinical license in Kansas. **20 C.S.R. § 2233–2.040.** The twelve item difference between the minimum score required for a Kansas marriage and family therapist license and a Missouri marriage and family therapist license is by no means insubstantial.

2. Both parties conceded at various points in the record that the passing score for Missouri in the year that Haynes took the exam was a 138 and that Haynes scored a 132 on that exam.

Thus, the record clearly contains evidence that the score required to obtain a non-clinical marriage and family therapist license in Kansas was at least six points lower than that required for a marital and family therapist license in Missouri.

In sum, the applicable statutes and undisputed evidence clearly reflect that Missouri requirements for obtaining a marital and family therapist license are substantially different from and more stringent than the requirements for obtaining a license in Kansas as a marriage and family therapist. The AHC erred as a matter of law in concluding that these licensing requirements were substantially similar so as to warrant licensure of Haynes under the reciprocity provisions of § 337.715.2.

Certainly, from the record, it appears that Haynes has come close to meeting the minimum criteria for non-reciprocal licensure under § 337.715.1 as a result of additional education and work experience she obtained after receiving her Kansas license. Indeed, the record indicates that she may merely have fallen short of qualification for her Missouri license under § 337.715.1 as a result of coming up six points short on her standardized exam score. But there is no provision in § 337.715.1 allowing licensure for those that come close to meeting those requirements without satisfying them.

Under the undisputed facts in this case, Haynes was not entitled to licensure under either § 337.715.1 or § 337.715.2. The Committee was, therefore, clearly entitled to a decision in its favor as a matter of law. Accordingly, the circuit court's judgment is reversed,[3] and judgment is hereby entered in favor of the Committee. *Rule 84.14.*

All concur.

3. "While the decision reviewed on appeal is that of the AHC and not the circuit court, an appellate court reverses, affirms or otherwise acts upon the judgment of the trial court."

*Bird v. Missouri Bd. of Architects, Prof'l Eng'rs, Prof'l Land Surveyors & Landscape Architects,* 259 S.W.3d 516, 520 (Mo. banc 2008).