BUESCHER MEMORIAL HOME,
INC., et al., Respondents,

v.

MISSOURI STATE BOARD OF EM-
BALMERS AND FUNERAL DI-
RECTORS, Appellant.

No. WD 75907.

Missouri Court of Appeals,
Western District.

Nov. 5, 2013.

Clifford W. Cornell, Jefferson City, MO, Attorney for Respondents.

Chris Koster, Attorney General, Margaret K. Landwehr, Assistant Attorney General, Jefferson City, MO, Attorneys for Appellant.

Before Division II: MARK D. PFEIFFER, Presiding Judge, and JOSEPH M. ELLIS and VICTOR C. HOWARD, Judges.

MARK D. PFEIFFER, Presiding Judge.

The Missouri State Board of Embalmers and Funeral Directors ("the Board") appeals from the Judgment of the Circuit Court of Cole County, Missouri ("circuit court"), reversing the Board's discipline of the licenses of Barbara Buescher ("Buescher") and Buescher Memorial Home ("Funeral Home") (collectively, "Licensees") after a finding by the Administrative Hearing Commission ("AHC") of over 120 causes to discipline. We reverse.

### Factual and Procedural Background

Buescher, a licensed funeral director and embalmer, operated the Funeral Home, a licensed funeral establishment located in Jefferson City, Missouri. In 2008, the Board filed a Complaint with the AHC to establish cause to discipline the licenses of Licensees. The Board filed a motion for summary determination, which the AHC denied because there had been no service obtained on Licensees.

Thereafter, the Board filed a First Amended Complaint with the AHC, seeking a determination from the AHC that cause existed to discipline Buescher's funeral director and embalmer licenses and the Funeral Home's funeral establishment license and preneed seller and provider registrations. The original Complaint, the AHC's notice of Complaint/notice of hearing, the Board's motion for summary determination and the AHC's order denying same, the first amended complaint, and the AHC's notice setting the hearing were personally served on Licensees. The Licensees did not file an answer to the original or first amended complaint, thereby admitting the allegations. The Board later served a Second Request for Admissions on the Licensees, as to the facts alleged in the Complaint, to which the Licensees did not respond, thereby admitting the requests for admission.

The Board filed a Second Motion for Summary Decision. The Licensees did not file a response. The AHC granted Summary Decision[1] to the Board and issued its decision, finding over 120 causes to discipline Licensees' licenses and registration. In its final decision, the AHC documented the over 120 causes for discipline citing incompetence, gross negligence, violations of professional trust and confidence, monetary misconduct, and a complete disregard and refusal to cooperate with the investigative process by the Board's investigators.

After the AHC issued its decision, which, in part, directed the Board to determine and impose discipline, the Board held a disciplinary hearing to determine the appropriate discipline to impose against Licensees' licenses and registration.[2] Li-

---

1. In this case, the AHC granted summary decision in the Board's favor. "Summary decision, which is a procedure modeled on the summary judgment procedure at the circuit court level, is proper 'if a party establishes facts that entitle any party to a favorable decision and no party genuinely disputes such facts.'" *Krispy Kreme Doughnut Corp. v. Dir. of Revenue*, 358 S.W.3d 48, 51 (Mo. banc 2011) (footnote omitted) (quoting 1 CSR 15–3.446(6)(A) (2011)). "[F]acts asserted in support of a motion for summary decision are taken as true unless contradicted by the non-moving party's response." *State Comm. of Marital & Family Therapists v. Haynes*, 395 S.W.3d 67, 70 (Mo.App.W.D.2013). In this case, Licensees did not respond to the Board's motion.

2. The Funeral Home held a preneed seller registration and a preneed provider registration, both of which became void on August 28, 2009, the effective date of Senate Bill 1,

censees received notice of the hearing but did not appear in person or by legal counsel. Following the hearing, the Board issued a revocation of all of Licensees' licenses and registrations.

Licensees filed a timely Petition for Review and Request for Stay of the administrative action. The circuit court held a hearing on September 16, 2010, and decided that it would rule on the issue of the stay along with the Petition for Review. Licensees filed a motion pursuant to section 536.140.4 for leave to submit and argue additional evidence and/or irregularities in the disciplinary hearing and unfairness by the Board. The circuit court held a hearing and required the Board to file a motion to submit additional evidence in order to reply to Buescher's evidence. A hearing was held on November 1, 2010, at which Martin Vernon ("Vernon"), the Board chairman at the time of Licensees' disciplinary hearing; John McCulloch ("McCulloch"), Board member and owner of American Prearranged Services, Inc. ("APS"), a preneed company that had previously done business with Buescher; a representative of the Attorney General's Office ("AGO"); the Executive Director of the Board; and Buescher testified.

Thereafter, on July 13, 2012, the Board filed a motion to dismiss the Petition for Review, arguing that because no stay of the revocation of Licensees' licenses had been issued, and because Licensees' licenses had not been renewed for over two years, the licenses were void by operation of law and the pending action was moot. The circuit court denied the motion.

On October 30, 2012, the circuit court issued its Findings of Fact, Conclusions of Law, and Judgment. The circuit court determined that the Licensees' preneed registrations were void by operation of law. The circuit court found in the Board's favor on all issues raised by the Licensees, except for the due process issue, concluding that the Board's hearing was fatally flawed because of: (i) disciplinary hearing notice defects; and (ii) the presence or participation of two biased Board members thereby creating the "appearance of impropriety and actual impropriety as to the disciplinary process." The circuit court also entered a stay with regard to the Board's revocation of Buescher's embalmer's license and funeral director's license, and of the Funeral Home's funeral establishment license. The circuit court reversed the Board's decision and remanded the matter to the Board for a new hearing on the issue of what discipline, if any, the Board may exercise with regard to the discipline of Licensees' licenses.

The Board timely appealed.[3]

95th General Assembly, First Regular Session, 2009. Senate Bill 1 repealed sections 436.015 and 436.021, which had previously allowed preneed sellers and providers to operate upon registration with the Board, with preneed seller and provider licensure. §§ 333.315 & 333.320, RSMo Cum.Supp. 2012. In its decision, the Board stated that as of the effective date of the new legislation, the Funeral Home's preneed provider and preneed seller registrations were void; but to the extent such registrations remained subject to discipline, the Board revoked those registrations. We agree that the Licensees' preneed registrations were void by operation of law.

3. Ordinarily, since we review the agency decision and not the circuit court's judgment, the Licensees would serve as the appellants, as they were the ones adversely impacted by the agency decision. However, the issues we are reviewing today involve the circuit court's conclusion that the administrative tribunal was not free of actual bias or the probability of bias. Thus, the challenged ruling is that of the circuit court's judgment; accordingly, the Board is the appellant in this appeal.

## Standard of Review

■ Generally, on appeal from the circuit court's review of an agency decision, the appellate court does not review the circuit court's judgment but, rather, we review the AHC's findings and conclusions and the Board's discipline as one decision.[4] *Albanna v. State Bd. of Registration for Healing Arts*, 293 S.W.3d 423, 428 (Mo. banc 2009); *Bird v. Mo. Bd. of Architects, Prof'l Eng'rs, Prof'l Land Surveyors & Landscape Architects*, 259 S.W.3d 516, 520 (Mo. banc 2008); *see* § 621.145. The whole record is viewed objectively and not in the light most favorable to the agency's decision. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003). We will affirm the AHC's decision and the Board's disciplinary order unless the agency action:

(1) Is in *violation of constitutional provisions;*

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or *without a fair trial;*

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

§ 536.140.2, RSMo Cum.Supp.2012. (Emphasis added.)

In this case, the point of disagreement is not whether grounds existed to discipline Buescher's and Funeral Home's licenses; but instead, whether Licensees produced clear and convincing additional evidence, pursuant to section 536.140, to the circuit court of a violation of Licensees' due process right to a fair disciplinary hearing sufficient to overcome the strong presumption in favor of the validity of the administrative determination. "The clear and convincing standard refers to evidence that instantly tilts the scales in the affirmative when weighed against the opposing evidence, leaving the fact finder with an abiding conviction that the evidence is true." *State ex rel. Dep't of Soc. Servs., Div. of Child Support Enforcement v. Stone*, 71 S.W.3d 643, 646 (Mo.App.W.D.2002). Thus, the dispositive issue in this case is the correctness of the circuit court's judgment concluding that the Board's decision was unconstitutional and unfair because of the presence or participation of two Board members who were allegedly biased, thereby creating "the appearance of impropriety and actual impropriety as to the disciplinary process."

■ "It is presumed that administrative decisionmakers act honestly and impartially." *Burgdorf v. Bd. of Police Comm'rs*, 936 S.W.2d 227, 234 (Mo.App. E.D.1996), *overruled on other grounds by Bird*, 259 S.W.3d at 521. The party challenging that presumption has the burden of overcoming it. *Id.* "The court indulges a strong presumption in favor of the validity of an administrative determination and will not assume that an administrative body was improperly influenced absent clear and convincing evidence to the contrary." *Orion Sec., Inc. v. Bd. of Police Comm'rs of Kansas City*, 90 S.W.3d 157, 164 (Mo.App.W.D.2002) (internal quotation omitted). Pursuant to section 536.140.6, "[a]ppeals may be taken from the judgment of the [circuit] court as in other civil

---

**4.** "While the decision reviewed on appeal is that of the AHC and not the circuit court, an appellate court reverses, affirms or otherwise acts upon the judgment of the trial court."

*Bird v. Mo. Bd. of Architects, Prof'l Eng'rs, Prof'l Land Surveyors & Landscape Architects*, 259 S.W.3d 516, 520 n. 7 (Mo. banc 2008) (citing Rule 84.14).

cases." "A trial court's determination of an administrative decisionmaker's impartiality is reviewed for abuse of discretion." *Burgdorf,* 936 S.W.2d at 234.

## Analysis

The Board raises three issues on appeal, alleging circuit court error. However, because Point III is dispositive of this appeal, we need not address Points I [5] or II.[6] *See Whitworth v. McBride & Son Homes, Inc.,* 344 S.W.3d 730, 737 (Mo.App.W.D.2011).

## III—Due Process

■ In Point III, the Board asserts that the circuit court erred in reversing and remanding this case for a new disciplinary hearing because there was no lack of due process. Specifically, the Board asserts that Licensees received adequate notice [7]

and a fair disciplinary hearing, which they chose not to attend.

■ "The procedural due process requirement of fair trials by fair tribunals applies to an administrative agency acting in an adjudicative capacity." *Fin. Solutions & Assocs. v. Carnahan,* 316 S.W.3d 518, 522 (Mo.App.W.D.2010) (internal quotation omitted). Administrative tribunals acting in a quasi-judicial capacity must be free of "actual bias or the probability of bias" but such quasi-judicial administrative tribunals are *not* subject to due process claims of unfairness merely on the basis of an alleged "appearance of impropriety." *State ex rel. Praxair, Inc. v. Mo. Pub. Serv. Comm'n,* 344 S.W.3d 178, 191 (Mo. banc 2011). "Decisions rendered by an administrative body are presumed to be valid, and [those challenging the agency decision] carry the burden of overcoming

---

5. *Ex gratia,* in Point I, the Board asserts that the agency order was supported by competent and substantial evidence upon the whole record. Licensees do not challenge this claim. Instead, the relevant issue on appeal is whether the Board's disciplinary hearing lacked due process.

6. *Ex gratia,* in Point II, the Board asserts that the circuit court erred in denying the Board's motion to dismiss because the case was moot. Buescher's funeral director and embalmer licenses and the Funeral Home's funeral establishment license were revoked by the Board on November 9, 2009. Between the date that the Board revoked Buescher's and the Funeral Home's licenses and the date that the circuit court entered a stay of the revocation order on October 30, 2012, pursuant to section 536.120, directing that such revocations "are of no force or effect, pending further action of this Court or of another Court or agency with proper jurisdiction to act," it would have been fruitless for either Buescher or the Funeral Home to attempt to renew their licenses. In fact, on December 30, 2009, the Board received an application to renew the Funeral Home's funeral establishment license; but the Board returned the renewal application and fee to Buescher, stating that because the license had been revoked, there was no license to renew. No

motion to lift the stay has been filed in this action, and no order lifting the stay in this action has been entered. Accordingly, this matter is not moot due to Licensees' licenses not being renewed during the pendency of the petition for review.

7. The circuit court determined that one violation of due process was that the notice of disciplinary hearing did not mention Buescher's embalmer's license or the Funeral Home's preneed registrations. However, the Licensees did not challenge the Board's order on that basis. Licensees' sole allegation was that the Board's action was unfair and tainted because two of the six Board members who determined the discipline to Licensees' licenses had an interest in the outcome of the decision, thereby creating the appearance of impropriety. Therefore, we do not reach the issue of adequate notice as raised in the Board's third point because it was not properly before the circuit court for review and is not properly before us for review. *See Hernandez v. State Bd. of Reg. for the Healing Arts,* 936 S.W.2d 894, 900 (Mo.App.W.D. 1997) ("Appellate review is also limited to those matters raised in the petition for review.").

this presumption by establishing unfairness in the procedure." *Lusher v. Gerald Harris Constr., Inc.*, 993 S.W.2d 537, 543 (Mo.App.W.D.1999). "There is a presumption in favor of the honesty and impartiality of administrative decision makers." *Orion*, 90 S.W.3d at 164 (internal quotation omitted). "The court indulges a strong presumption in favor of the validity of an administrative determination and will not assume that an administrative body was improperly influenced *absent clear and convincing evidence to the contrary.*" *Id.* (internal quotation omitted) (emphasis added). "An administrative decision maker's familiarity with the adjudicative facts[,] even to the point of having reached a tentative conclusion prior to the hearing, does not disqualify the decision maker *unless there is a showing that the decision maker is unable to judge the particular case fairly.*" *Id.* (emphasis added).

In their section 536.140 motion, Buescher and the Funeral Home argued that there were "irregularities" in the procedure resulting in "the appearance of impropriety" or "tainted" proceedings or "unfairness by the Board" because two of the six Board members who determined the discipline of Buescher's and the Funeral Home's licenses:

> were either a primary complaining witness against them (McCulloch), and/or had or may have had an economic or other ulterior or less than genuine interest in the outcome of the decision as to [Buescher's and the Funeral Home's] licenses (McCulloch/Vernon), and thus the procedure(s) taken to accomplish the discipline of [Buescher's and the Funeral Home's] licenses was/were irregular and/or resulted in unfairness on the part of the ... Board[.]

Regarding Board member McCulloch, it is undisputed that, at the time the Board met to consider disciplinary rulings regarding Licensees, McCulloch had had prior negative business dealings with Licensees. But, it is also undisputed that McCulloch abstained from voting and recused himself from any participation whatsoever in the Board's discipline of Licensees.

Regarding Board Chairman Vernon, there is no evidence that Vernon had any business dealings (or personal dealings) with any of the Licensees at any time prior to presiding over the Board's disciplinary deliberations regarding Licensees. Instead, Licensees point to an isolated phone call from Vernon to counsel for Licensees, *four months after the Board's hearing,* in which Vernon inquired about the possibility of a *future* business relationship—the discussion of which went no further after that one phone inquiry.

That is the extent of the supposed "clear and convincing" evidence that the "administrative body was improperly influenced" by actual bias or the probability of bias when it revoked Licensees' licenses in the face of over 120 *admitted* violations in the categories of incompetence, gross negligence, violations of professional trust and confidence, monetary misconduct, and utter disregard and refusal to cooperate in the investigative process.

There was no evidence presented that the Board has *ever* extended any discipline less than the discipline it imposed in the face of over 120 violations of the sort Licensees admitted to. There was no evidence presented that the other four Board members were influenced by anything other than the egregious conduct Licensees were accused of.[8] Instead, the design of

---

8. In fact, to the contrary, Licensees admit in their appellate briefing that the Board's disci-

pline ruling was supported by competent and substantial evidence.

Licensees' evidence was to establish the *appearance* of impropriety with speculative innuendo and to shift the burden of proof to the Board to *disprove* bias as opposed to Licensees' obligation to *prove* bias by *clear and convincing* evidence—that sort of evidence that "instantly tilts the scales in the affirmative when weighed against opposing evidence."

And, the circuit court embraced Licensees' argued *appearance* of impropriety and burden shifting arguments. In its judgment, the circuit court never mentions a presumption in favor of the validity of an administrative determination. In its judgment, the circuit court never mentions that it will not assume that an administrative body was improperly influenced absent clear and convincing evidence to the contrary. In its judgment, the circuit court never mentions that it was Licensees' burden of proving by clear and convincing evidence that the Board was not free of actual bias or the probability of bias.

To the contrary, the circuit court develops the analysis of "actual bias or the probability of actual bias" by citing the wrong evidentiary burden. In its judgment, the circuit court states that, "the relevant inquiry is whether a reasonable person would have factual grounds to doubt the judge's impartiality." That is error.[9] In its judgment, the circuit court declares that the "mere presence alone" of Board members McCulloch and Vernon created "the appearance of impropriety,"

which is irrelevant to judicial due process review of the fairness of a quasi-judicial tribunal. Most importantly, in its judgment, the circuit court applied a presumption that *assumed* that the administrative body was improperly influenced by McCulloch and Vernon in that their presence *"likely affected the outcome and/or decision making by the Board."* (Emphasis added.) As such, the circuit court applied a "more likely than not" burden of proof to proceedings that demanded "clear and convincing" proof of administrative agency bias or probability of bias. The evidentiary presumption and evidentiary burden of proof applied by the circuit court was erroneous. The collection of errors made by the circuit court constitutes an abuse of discretion by the circuit court.

Licensees offered no clear and convincing evidence to overcome the strong presumption that the Board adjudicated the matter fairly. Likewise, the circuit court failed to identify such clear and convincing evidence in its judgment, instead ignoring the clear and convincing evidentiary burden of proof upon Licensees. Thus, the circuit court abused its discretion in finding that Buescher and the Funeral Home's due process rights were violated.

Point III is granted.

## Conclusion

The judgment of the circuit court is reversed, the stay imposed by the circuit

9. The circuit court relies upon *Fitzgerald v. City of Maryland Heights*, 796 S.W.2d 52, 59 (Mo.App.E.D.1990), for its "reasonableness" commentary. However, that statement from *Fitzgerald* was made in the context of comparing quasi-judicial administrative decision-makers to Article V Missouri judges. As we know from our Supreme Court's subsequent pronouncement in *State ex rel. Praxair, Inc. v. Missouri Public Service Commission*, 344 S.W.3d 178, 191 (Mo. banc 2011), that comparison is limited, and there are distinct differences between the two—particularly with regard to Judicial Canons and application of an "appearance of impropriety" standard. Likewise, no case has overruled the Supreme Court's pronouncement in *Gamble v. Hoffman*, 732 S.W.2d 890, 894 (Mo. banc 1987), regarding the "clear and convincing" evidentiary burden of proof required to establish that an administrative determination has been improperly influenced—a burden of proof standard ignored by the circuit court in its judgment.

**346**

court is lifted, and the Board's revocation of Licensees' licenses is reinstated.

MARK D. PFEIFFER, Presiding Judge, JOSEPH M. ELLIS and VICTOR C. HOWARD, Judges, concur.