

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| JOHN BLASE, | ) | No. ED111971 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| v. | ) | |
| | ) | |
| PRICEWATERHOUSECOOPERS, LLP, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY | ) | |
| | ) | |
| Respondents. | ) | Filed: April 30, 2024 |

## Introduction

Appellant John Blase ("Blase") appeals the decision of the Labor and Industrial Relations Commission disqualifying him from unemployment benefits. We affirm the decision of the Commission.

## Factual and Procedural Background

Blase, an attorney and employee at PricewaterhouseCoopers, LLC ("PwC"), was a senior state and local tax manager who oversaw one client. On May 4, 2022, Blase gave two weeks' notice of his resignation. Blase concluded his employment with PwC on May 18, 2022 and had not arranged a position with another employer.

Following his resignation, Blase applied to the Division of Employment Security for unemployment benefits. A Division deputy determined Blase left work voluntarily without good cause attributable to his work or his employer and denied him benefits. Blase appealed this determination to the Division's Appeals Tribunal.

On April 7, 2023, Blase, along with one of his witnesses, attended a hearing before the Appeals Tribunal. Blase intended to bring a second witness, but that witness did not attend due to illness. PwC did not attend the hearing and no subpoena was issued to compel its attendance. During the hearing, Blase testified he was constructively discharged, disrespected in the workplace, lacked a promise of a promotion or opportunity for advancement, incurred reputational damage, and generally was dissatisfied with the work.

At the conclusion of the hearing, Blase sought to introduce testimony from his witness, also a former PwC employee. When the appeals referee asked Blase about his witness's testimony, Blase stated the testimony would corroborate Blase's own testimony. The referee did not take the witness's testimony because it "would be either repetitious to [Blase's testimony] or immaterial." The referee explained she did not need corroborating testimony because Blase's former employer was not present at the hearing and did not offer conflicting evidence. The referee ruled simply, "I don't need more than one person to tell me the same thing." Blase responded, "[T]hat's fine."

On April 19, 2023, the Appeals Tribunal affirmed the deputy's decision and likewise found that Blase left work voluntarily without good cause attributable to his work or his employer. On July 26, 2023, the Commission affirmed and adopted the decision of the Appeals Tribunal.

Blase now appeals to this Court.

2

**Standard of Review**

Judicial appellate review of the Commission's decision in an unemployment case is governed by Section 288.210,[1] which provides:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the decision was procured by fraud;
>
> (3) That the facts found by the commission do not support the award; or
>
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

In the absence of fraud, the Commission's factual findings are conclusive and binding if supported by competent and substantial evidence. *Burns v. Lab. Indus. Rels. Comm'n,* 845 S.W.2d 553, 554-55 (Mo. banc 1993); *McCabe v. ADP Total Source FL XVIII, Inc.,* 653 S.W.3d 420, 423 (Mo. App. E.D. 2022). "We will affirm the Commission's decision if we find, upon a review of the whole record, that there is sufficient competent and substantial evidence to support the Commission's decision." *McCabe,* 653 S.W.3d at 424 (quoting *Smith v. Greyhound Bus Co.*, 477 S.W.3d 55, 59 (Mo. App. E.D. 2015)).

This Court is not bound by the Commission's conclusions of law or application of law to the facts. *McCabe*, 653 S.W.3d at 424. We review questions of law *de novo. Id.*

**Discussion**

---

[1] All statutory references are to RSMo (2016) unless otherwise indicated.

Blase raises four points on appeal. In his first three points, Blase argues the Commission's decision affirming the Appellate Tribunal's finding of facts, the Appellate Tribunal's conclusions of law, and the record of the Division of Employment Security was not supported by sufficient competent evidence. In effect, Blase argues in all three points that the Commission erred in concluding Blase lacked good cause to leave his employment. In his final point, Blase argues the Commission acted in excess of its powers in affirming the actions of the Tribunal and the Division because the Tribunal and the Division deprived Blase of due process of law in that he was not allowed to present witness testimony, to cross-examine PwC, or a reasonable opportunity to refute the facts in the Division report or resolve the case administratively.

*Points One, Two, and Three*

We address Blase's first three points together because they all implicate Blase's argument that he had good cause to leave his employment.

The purpose of the Missouri Employment Security Law is to provide benefits for persons unemployed through no fault of their own. *See Noonan v. Troyeco LLC*, 685 S.W.3d 655, 657 (Mo. App. E.D. 2024); RSMo § 288.020.1. The statute was not intended to "benefit those who voluntarily choose to become idle." *Belle State Bank v. Lab. Indus. Rels. Comm'n*, 547 S.W.2d 841, 847 (Mo. App. S.D. 1977). Accordingly, Section 288.050.1(1) provides that a claimant is disqualified from receiving unemployment benefits if he voluntarily leaves his employment without good cause attributable to the work or the employer. *Wheeler v. Pinnacle Auto. Prot., Inc.,* 413 S.W.3d 721, 726 (Mo. App. E.D. 2013).

4

"An employee is deemed to have left work voluntarily when he leaves of his own accord, as opposed to being discharged, dismissed, or subjected to layoff." *McCabe,* 653 S.W.3d at 424 (quoting *Darr v. Roberts Mktg. Grp., LLC,* 428 S.W.3d 717, 724 (Mo. App. E.D. 2014)). If a claimant is deemed to have left voluntarily, then the question becomes whether the claimant had good cause attributable to his work or employer. *McCabe,* 653 S.W.3d at 424. The burden is on the claimant to show good cause for leaving his employment. *Id*. Missouri courts have long interpreted "good cause" as circumstances that would cause an average, able-bodied, qualified, and reasonable person in a similar situation to leave his employment rather than continue working. *Id.*

Blase initially argues he was constructively discharged from his position. Unfortunately for Blase, "Missouri's statutory employment security law does not recognize constructive discharges." *Clayton v. Jars TD, Inc.*, 654 S.W.3d 726, 730 n.3 (Mo. App. E.D. 2022); *Firmand v. Univ. of Mo.*, 628 S.W.3d 434, 437 (Mo. App. S.D. 2021). Rather, the relevant question for this Court is whether substantial and competent evidence supported the Commission's finding that Blase left his position without good cause. *Clayton*, 654 S.W.3d at 730 n.3. We hold substantial and competent evidence supported the Commission's finding that Blase left his position without good cause.

Blase argues his workplace had become unbearable due to his exclusion from important meetings, lack of respect and appreciation from coworkers, and no prospect of future advancement. He also points to his lack of work, his lower utilization rate, and lack of advancement as good cause to leave his employment.

"[A] lack of a 'harmonious relationship' or 'cordiality' between an employer and employee does not constitute good cause to quit." *Drake v. Lengel*, 403 S.W.3d 688, 691

(Mo. App. E.D. 2013). "The Employment Security Law was designed to avoid the menace of economic insecurity, not to make work pleasant for employees. Petty irritations are part of everyday living and no work is conducted in an atmosphere of complete sweetness and light." *Id.* (quoting *Smith v. U.S. Postal Serv.,* 69 S.W.3d 926, 929 (Mo. App. S.D. 2002)) (alterations omitted).

Substantial and competent evidence demonstrated that Blase's position remained available to him, and PwC did not demote Blase or decrease his pay, benefits, or working hours. "Mere dissatisfaction with working conditions does not constitute good cause for quitting employment unless the dissatisfaction is based on a substantial change in wages or working conditions from those in force at the time the claimant's employment commenced." *Reno v. Tyson Poultry, Inc.*, 204 S.W.3d 347, 351 (Mo. App. W.D. 2006).

Blase also admitted that PwC did not promise him a promotion or advancement. In any event, an employer's failure to make a particular job available to an employee does not constitute good cause for the employee's voluntary departure from his employment as a matter of law. *See generally Kimble v. Div. of Emp. Sec.*, 388 S.W.3d 634, 640–41 (Mo. App. W.D. 2013) (holding claimant's refusal to take new position upon elimination of previous position at same employer was voluntary departure from employment as a matter of law).

In sum, Blase failed to demonstrate good cause attributable to his work or employer for leaving his employment. Substantial and competent evidence supported the Commission's decision disqualifying Blase from unemployment benefits.

Points I, II, and III are denied.

*Point Four*

6

In his final point, Blase argues he was deprived of due process of law when he was not allowed to present witness testimony, to cross-examine PwC, or a reasonable opportunity to refute the facts in the Division report or resolve the case administratively.

"In an administrative proceeding, due process is provided by affording parties the opportunity to be heard in a meaningful manner. The parties must have knowledge of the claims of his or her opponent, have a full opportunity to be heard, and to defend, enforce and protect his or her rights." *Wunderlich v. Jensen,* 496 S.W.3d 522, 528–29 (Mo. App. W.D. 2016) (quoting *Scrivener Oil Co., Inc. v. Crider*, 304 S.W.3d 261, 271–72 (Mo. App. S.D. 2010)). "The hearing officer shall review the issues presented and set forth the procedures to be followed during the hearing." 8 C.S.R. 10 – 5.015(10)(A).[2] "The hearing officer may examine all parties and witnesses and shall determine the order of testimony and procedure for each hearing." *Id.* "The hearing need not be conducted according to the common law or statutory rules of evidence or the technical rules of procedure." 8 C.S.R. 10-5.015(10)(B)(4). "Evidence is admissible if it is not irrelevant, immaterial, privileged, or unduly repetitious." *Id.* "Decisions rendered by an administrative body are presumed to be valid, and [those challenging the agency decision] carry the burden of overcoming this presumption by establishing unfairness in the procedure." *Buescher Mem'l Home, Inc. v. Missouri State Bd. Of Embalmers & Funeral Dirs.,* 413 S.W.3d 338, 343-44 (Mo. App. W.D. 2013).

Here, Blase has not met his burden to demonstrate any unfairness in the procedure before the hearing officer.

---

[2] All regulatory references are to C.S.R. (2023).

Blase first argues the appeals referee improperly disallowed his witness's testimony. The appeals referee excluded the witness's testimony as repetitious of Blase's testimony and immaterial. Blase argued the testimony would corroborate his own testimony. The referee responded that she did not need corroborating testimony because PwC was not present at the hearing and did not offer conflicting evidence. Blase conceded as much and did not object.

Nothing in the record indicates the referee did not fully credit Blase's testimony, rendering the testimony of Blase's corroborating witness duplicative and unnecessary. *See Miller v. Div. of Emp. Sec.*, 670 S.W.3d 444, 453 (Mo. App. W.D. 2023) ("[T]he right to present witness testimony is tempered by 8 CSR 10-5.015(10)(B)4, which provides that evidence is admissible only 'if it is not irrelevant, immaterial, privileged, or unduly repetitious.'"). Blase thus fails to establish that the exclusion of his witness's testimony overcomes the presumption that the hearing afforded Blase was fair.

Blase's claim that his due process rights were violated based on his inability to cross-examine PwC also fails. Pursuant to Chapter 288, an employer is not required to appear before the Appeals Tribunal. Here, PwC was not required to appear and did not appear. The regulations in 8 C.S.R. 10-5.015(8) nonetheless set out a process for a claimant to request a subpoena from the hearing officer to compel the attendance of a witness. Blase, a lawyer, did not request a subpoena and did not compel PwC to attend the hearing. Blase's inability to examine or cross-examine PwC or its representatives therefore was due to his own failure to seek to compel their attendance and does not overcome the presumption that his hearing was fair.

To the extent Blase maintains he was not allowed a reasonable opportunity to refute the facts in the Division report or resolve the case administratively before reaching the Appeals Tribunal, those arguments are not cognizable on appeal. Pursuant to our statutory standard of review, we review the decision of the Commission, and the "findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." RSMo § 288.210; *see also Burns*, 845 S.W.2d at 554-55; *McCabe*, 653 S.W.3d at 423.

In sum, Blase was afforded "the opportunity to be heard in a meaningful manner." *Wunderlich*, 496 S.W.3d at 528–29. He fails to overcome the presumption of fairness because the testimony of his witness properly was excluded as unduly repetitious, Blase himself failed to compel the attendance of PwC or its representatives at the hearing, and Blase may not challenge the facts in the Division report on appeal.

Point IV is denied.

## Conclusion

For the foregoing reasons, we affirm the decision of the Commission.

Cristian M. Stevens, J.,

Robert M. Clayton III, P.J., and
Philip M. Hess, J., concur.

9